(Reap. Dec. 10537)

RICHMOND WHOLESALE GROCERY CO.⎫
HOYT, SHEPSTON & SCIARONI              ⎬  *v.* UNITED STATES
                                       ⎭

Entry No. 6498.

(Decided June 10, 1963)

*Lawrence & Tuttle* for the plaintiffs.
*John W. Douglas,* Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

1. That this stipulation is limited to the items on the invoice marked "A" and initialed GWL (Examiner's Initials) by Examiner George W. Lau (Examiner's Name) and is abandoned as to all other merchandise.

2. That the merchandise was imported prior to the effective date of the Customs Simplification Act of 1956 (T.D. 54521).

3. That the merchandise consists of canned clams of the type made dutiable upon the basis of the American selling price of a like or similar domestic article, as such American selling price is defined in Section 402(g), Tariff Act of 1930 as it existed prior to said Customs Simplification Act, by the operation of Presidential Proclamation 2081, T.D. 47031.

4. That the merchandise and the issues are similar in all material respects to those involved in *Geo. S. Bush & Co., Inc.* v. *United States,* A.R.D. 140, and that the record in the cited case may be incorporated herein.

5. That on or about the date of exportation, the American selling price of a "like" domestic clam, as defined in Section 402(g), was $7.50 per two dozen tins, less 1½ per centum cash discount, less one-tenth of 1 per centum swell allowance, net packed.

6. The above-entitled appeal may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find and hold American selling price, as that value is defined in section 402(g) of the Tariff Act of 1930, as amended, to be the proper value for the determination of the value of the merchandise here involved and that such value was $7.50 per two dozen tins, less 1½ per centum cash discount, less one-tenth of 1 per centum swell allowance, net, packed.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent, the appeal is dismissed.

Judgment will issue accordingly.